UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN HOWELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED PLAINTIFFS<br><br>PLAINTIFFS,<br><br>v.<br><br>RITE AID OF CONNECTICUT, INC. AND MAXI DRUG, INC.,<br><br>DEFENDANTS. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br>AUGUST 2, 2019 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Rite Aid of Connecticut, Inc. and Maxi Drug, Inc., (collectively "Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Defendants remove this action from the Superior Court of the State of Connecticut, Judicial District of Hartford (the "Superior Court Action") to the United States District Court for the District of Connecticut. As its reasons for removal, Defendants state:

1. By Summons and Complaint, Plaintiff John Howell commenced a civil action against Defendants in the Connecticut Superior Court captioned *John Howell, individually and on behalf of all other similarly situated Plaintiffs v. Rite Aid of Connecticut, Inc. and Maxi Drug, Inc.*, Docket No. Number HHD-CV19-6114418-S, with a return date of August 13, 2019.

2. A true and correct copy of the Summons and Complaint served by Plaintiff on Defendants is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).

3. This Notice of Removal is being filed within 30 days of the date on which

Defendants were served with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, and was between citizens of different states.

5. Plaintiff was and is a citizen a Connecticut.

6. Defendant Maxi Drug, Inc. was and is incorporated in the State of Delaware and has a principal place of business in the Commonwealth of Pennsylvania. Plaintiff's application for employment was submitted only to Maxi Drug, Inc.

7. Defendant Rite Aid of Connecticut ("Rite Aid CT") was and is incorporated in the State of Connecticut and has a principle place of business in the Commonwealth of Pennsylvania.

8. Plaintiff may argue that because Defendant Rite Aid of CT is a citizen of the state where Plaintiff resides, that the case cannot be removed. 28 U.S.C. § 1441(b). However, Defendant Rite Aid of CT is not a party "in interest properly joined." Id. In his Complaint, Plaintiff alleges that "Defendants" failed to hire him for a position located at "Rite Aid #10372" located in Northford, Connecticut. *See* Complaint, at ¶¶ 9-10. This location is not operated or owned by Rite Aid of Connecticut, which is an entirely separate entity from Maxi Drug, Inc. As Plaintiff has not applied for a position with Defendant Rite Aid of CT, he necessarily could not have been denied employment on account of his alleged palliative use. The United States Court of Appeals for the Second Circuit has confirmed that "[a] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138

F.3d 459, 460-61 (2d Cir. 1998). Here, the Complaint is clear that the claims arise out of Plaintiff's application for employment with a single defendant. Plaintiff has not alleged any facts to support a claim against Defendant Rite Aid of CT—a completely separate entity. *See Retirement Program for Employees of the Town of Fairfield v. NEPC, LLC*, 642 F.Supp.2d 92, 95 (D. Conn. 2009) (confirming that Court can look beyond the face of the complaint in assessing whether fraudulent joinder to destroy diversity has occurred).

9. This Notice of Removal is being filed in the United States District Court for the District of Connecticut, where the Superior Court Action is pending. 28 U.S.C. §§ 1441 and 1446(a).

10. Attached hereto as <u>Exhibit B</u> is a copy of the Notice to Superior Court, Judicial District of Hartford, of Filing of Notice of Removal, the original of which is being filed with the Superior Court. 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Defendants do not waive any defenses available to them at law, in equity or otherwise, or concede that Plaintiff has pled claims upon which relief may be granted.

WHEREFORE, Defendants respectfully requests that the above-captioned matter now pending in the Superior Court, Judicial District of Hartford, Connecticut be removed to this Court.

Dated at New Haven, Connecticut this 2nd day of August, 2019.

                    Respectfully submitted,

/s/ *Elizabeth R. McKenna*
Elizabeth R. McKenna (CT28113)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
emckenna@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2019, a copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Cody Guarnieri, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103

                                                  /s/ Elizabeth McKenna
                                                  Elizabeth R. McKenna